## CIRCUIT COURT OF THE CITY OF RICHMOND

Alita D. Shiftlett

v.

Mixon M. Darracott,
United States Surgical Corp.,
and Gary Cicatiello

March 28, 1995

Case No. LX-1723-1

BY JUDGE MELVIN R. HUGHES, JR.

This is a medical malpractice action against a physician and a product liability claim against a medical device manufacturer. Plaintiff claims that the defendant doctor was negligent in the use of a laproscopic stapler manufactured by United States Surgical Corporation (herein referred to as U. S. Surgical). The doctor allegedly used the laproscopic stapler during a medical procedure causing plaintiff injury.

A dispute has arisen between plaintiff and U. S. Surgical, the medical equipment manufacturer products liability defendant, concerning the contents of a proposed protective order. It is my understanding that the parties are in agreement regarding all elements of the order save one. There is a dispute over whether certain documents designated "confidential" by U. S. Surgical should be returned when this litigation is over. Plaintiff is resisting any provision that allows the return on the ground that § 8.01-420.01 is in place to govern procedures surrounding documents of this type in products liability cases. Plaintiff argues that there is no need to have a return provision in the order because the statute controls.

Section 8.01-420.01 provides:

> A. A protective order issued to prevent disclosure of materials or information related to a personal injury action or action for wrongful death produced in discovery in any cause shall not prohibit an attorney from voluntarily sharing such materials or

information with an attorney involved in a similar or related matter, with the permission of the court, after notice and an opportunity to be heard to any party or person protected by the protective order, and provided the attorney who receives the material or information agrees, in writing, to be bound by the terms of the protective order.

B. The provisions of this section shall apply only to protective orders issued on or after July, 1989.

U. S. Surgical on the other hand argues that a return provision is needed because otherwise the documents can be held in perpetuity. The longer the documents are held, U. S. Surgical maintains, the greater the chance the documents may be leaked or disclosed. As time passes, the risk of disclosure, even innocent or unintentional, increases and the procedures outlined to protect the owner of the documents may not be employed. Consequently, U. S. Surgical argues, a provision requiring the return of the documents is appropriate.

The purpose of the statute is to cut down on discovery costs and simplify litigation for future plaintiffs while at the same time protecting trade secrets and confidential information. If U. S. Surgical was able to collect all the passed documents after the trial the intent would be frustrated, plaintiff contends. The statute sets no time limit for retention. It does not recognize that in the passage of time, memories fade, personnel change, lawyers will often change their business and professional relations, move their files, cease business, employ new staff, etc. There may come a time in the future, ten years, twenty years, when no one in charge of the files remembers that the case is under the restrictions imposed by § 8.01-420.01.

I agree with U. S. Surgical. The statute does not allow plaintiff to keep any material garnered in discovery and covered by a protective order forever. It allows dissemination of materials or information if any such is to be shared with others. I have no impression that once this litigation is over, there is a need to keep the physical documents. There is no suggestion that there are other similar claims pending or contemplated concerning the device. Thus, there is no prospect of sharing that could aid the management of litigation and reduce costs of others similarly situated.

For these reasons, the protective order shall have the return provision U.S. Surgical urges.